EUGENIA I. COOKINGHAM, ADMINISTRATRIX, APPELLEE, V. GUSTAV TESKE, APPELLANT.

FILED APRIL 3, 1914. NO. 17,681.

Appeal: AFFIRMANCE. Having reached the same conclusion upon the evidence as did the district court in this an equity case tried *de novo*, its judgment will not be disturbed.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*M. D. Tyler* and *M. S. McDuffee,* for appellant.

*Reeder & Lightner, contra.*

LETTON, J.

This was an action for an accounting to determine that the amount due upon a mortgage had been paid and declare it satisfied. The court allowed sufficient credit to reduce the mortgage debt to $600, and rendered a decree of foreclosure. Defendant, mortgagee, appeals.

Freeman M. Cookingham was an attorney at law residing in the village of Humphrey. For many years he had acted as the legal adviser of the defendant Gustav Teske. In 1902 he borrowed from Teske the sum of $700 upon a promissory note maturing in five years, and, in order to secure the same, gave Teske a mortgage upon his dwelling and lot in the village. Teske is a farmer of considerable wealth, who for years loaned money on real estate and personal security, and has been in a good deal of litigation. He is not a man of education, and the evidence fairly indicates

that he consulted Mr. Cookingham in many business trans-
actions aside from strictly legal matters.    Cookingham
died December 4, 1909.    The plaintiff is his widow and ad-
ministratrix.    She alleges that Teske was indebted to her
husband in the sum of $2,000 at the time of his death;
that this was the reasonable value of his services, for
which nothing had been paid; and that the defendant re-
fuses to enter into an accounting or make any settlement.
An account is attached to the petition as an exhibit, setting
forth the amounts claimed to be due for 33 specific items
of service extending from 1904 to 1909, but it also alleged
that deceased performed many other services for defend-
ant.    The defendant pleads a general denial, the statute
of limitations as to items prior to June 1, 1907, payment
in full of all services rendered by Mr. Cookingham, and by
cross-petition asks for the foreclosure of the mortgage. The
court found there was $600 still due upon the mortgage
after allowing credit for unpaid services.

The deceased apparently kept no books of account, and
we find no evidence as to the majority of the items charged.
As to a number of others the defendant produced receipts
in full signed by Mr. Cookingham, as to the validity of
which there is no dispute.    There are other items charged
for services, which the proof shows were rendered, amount-
ing in all to about $80. Defendant testifies that these mat-
ters have all been settled.    He introduced in evidence a re-
ceipt dated September 17, 1909, acknowledging "payment
in full of all demands as attorney fees to date," and signed
by the deceased.    There  is a sharp   controversy   as to
whether the date of this paper has been changed by erasure
and alteration.    Two experts testify a change has been
made in the date of the year, and there is corroborative tes-
timony aside from the appearance of the paper itself.
Teske swears no change has been made, and the dirty and
roughened appearance of the paper is accounted for by
the fact, as he and his wife swear, that he carried it in his
vest pocket for a long time.    This is a very close question in
our minds, and all the circumstances in evidence must be
considered.

The testimony is clear that Teske was a constant visitor at the office of Mr. Cookingham for years. An adopted daughter and another lady, who had each acted during a portion of this period as office assistant, testified that he was in the office from one to four times a week, holding consultation with the deceased, and that Mr. Cookingham frequently drew mortgages and other papers for him; that they never saw Teske pay any money, but that he usually told the deceased to charge the services. It is somewhat peculiar that no payment of interest has ever been made upon the note so far as any indorsement shows, and that, though Mr. Cookingham was almost continually employed, the receipts show very few payments to have been made. The testimony of one of the witnesses is that defendant told him that he paid the deceased or settled with him by treating him to brandy. We think that the proof of payment for the major portion of the services rendered in 1908 and 1909 is not sufficient. This being the case, the testimony of prominent members of the local bar as to the value of the services rendered seems relevant and competent. Considering all the testimony the deduction of $545 made by the trial court seems to be a fair and just estimate of the value of the unpaid services. The matter is by no means free from doubt, on account of the careless business methods of the deceased, and it is difficult to make an exact estimate, but, on the whole record, we have reached practically the same conclusion as the district court.

Its judgment is therefore

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.